## FINAL JURISDICTION OF MAGISTRATES IN CRIMINAL CASES.

Probate Court of Stark County.

THE STATE OF OHIO V. EDWARD A. POHLMAN.

Decided, September, 1912.

*Jurisdiction—Of Magistrates is Final in Criminal Cases, When—Probate Court Shorn of Jurisdiction on Error—Effect of the Enactment of Section 13432 as it Now Stands.*

Section 13432, General Code, gives final jurisdiction to justices of the peace in cases in which imprisonment is a part of the punishment and a jury is not waived, and where it is attempted to carry such a case to the probate court a motion to discharge the accused will lie.

*Charles Krichbaum, Hubert C. Pontius* and *W. O. Werntz,* for the state.

*Charles C. Upham* and *James L. Amerman,* contra.

Bow, J.

In this action the defendant, Edward A. Pohlman, was arrested upon a warrant issued by W. S. Rinehart, a justice of the peace of Canton township, upon an affidavit filed in said justice court, charging in substance that the defendant on or about the 4th day of May, 1912, in the county of Stark and state of Ohio, did unlawfully keep and exhibit for gain, and to win or gain

money, certain gambling devices or apparatus commonly known as faro tables, roulette wheels, apparatus for selling pools on races and ball games, faro bank, playing cards, poker chips, telegraph outfit, form sheets and betting books, contrary to the form of the statute in such case made and provided. This affidavit was filed under Section 13066 of the General Code of Ohio, which reads as follows:

"Whoever keeps or exhibits for gain or to win or gain money or other property, a gambling table, or faro or keno bank, or gambling device or machine, or keeps or exhibits a billiard table for the purpose of gambling, or allows it to be used, shall be fined not less than $50 nor more than $500 and imprisoned not less than 10 days nor more than ninety days and shall give security in the sum of $500 for his good behavior."

The transcript filed in this case certifies that the defendant was arraigned before the justice of the peace and that he entered a plea of not guilty, and that on the 9th day of May, 1912, the parties being present, trial was had, witnesses sworn and examined on behalf of the state, and it was then and there ordered and adjudged by the justice of the peace that said defendant, Edward A. Pohlman, be held to appear before the Probate Court of Stark County, Ohio, on the first day of the next term thereof, to answer the said charge. Bail was fixed at $300, which was given as required. Thereupon said transcript and original papers were filed in this court, and the case duly docketed and assigned for trial. Whereupon the defendant, by his counsel, filed a motion for a dismissal of this action for the reason that this court is without jurisdiction in said case; and counsel base their contention upon Section 13432 of the General Code, which reads as follows:

"In prosecutions before a justice, police judge or mayor, when imprisonment is a part of the penalty, if a trial by jury is not waived, the magistrate, not less than three days nor more than five days before the time fixed for trial, shall certify to the clerk of the court of common pleas of the county that such prosecution is pending before him."

And Section 13433 makes it the duty of the clerk upon receiving such certificate from the justice of the peace, to proceed

in the presence of representatives of both parties and draw from the jury box twenty names and certify such names to the magistrate who shall issue a venire therefor. And subsequent sections provide the procedure of trial from that period forward.

Counsel for the defendant contend that under the sections of the General Code last referred to, the justice had final jurisdiction of this case inasmuch as imprisonment was a part of the penalty, and the defendant not waiving a trial by jury, the justice should have proceeded as the law requires, and impanneled a jury and tried the defendant upon the charge, and if found not guilty discharge him, or if found guilty inflict the penalty, counsel basing their contention upon the claim that said Section 13432 and subsequent sections, are of a general nature and have general application.

It is contended by counsel for the state that Section 13432 is of special application and not general, and applies only to those special prosecutions mentioned in Section 14323 of the General Code, which prosecutions mentioned in said Section 14323 are, in substance, offenses against the food laws, cruelty to animals and children, non-support, employment of minors, intoxicating liquors, offense against the pharmacy and drug laws, etc., and base their contention upon the claim that Section 13432 is practically a re-enactment of Section 3718a of the Revised Statutes of Ohio, which reads ''Any justice of the peace, police judge or mayor, of any city or village, shall each have jurisdiction within his county in all cases of violation of the laws, to prevent the adulteration of food and drink, the adulteration or deception in the sale of dairy products, or any other food and drugs and medicines, and any violation of the law of cruelty to animals or children, etc., *in any such* prosecution where imprisonment may be a part of the punishment, if a trial by jury be not waived, the said justice of the peace shall,'' and then the section goes forward and makes the same provision as to the mode of procedure as is now laid down in Section 13432 of the General Code. Counsel for the state further contend that it was clearly the intention of the Legislature that the present Section 13432 should apply to those special cases and not to all cases of prosecutions where imprisonment is a part of the pen-

alty; and that because of such special application it could in nowise be held to apply to the case at bar, and that the motion should be overruled. And counsel for the state further contend that this court should look at the intention of the Legislature and examine the history of this section in order to place upon it a proper and an intelligent construction.

I have taken considerable time in the examination of this question since it was presented; I have taken this time because I realize the very great importance of the question submitted; because this statute, if general, is the one which governs the procedure in all cases where imprisonment is a part of the penalty in every county in this state. There has been some claim made on the part of the state that to give Section 13432 general application would be in conflict with Section 13422 and 13511 of the General Code, and that by reason of such conflict the court should construe the section as having special application. A careful examination of the three sections referred to discloses that the three taken together provide for all classes of criminal prosecutions, and the section under consideration can be given general application and not be inconsistent or in conflict with the other sections of the General Code.

The codifying commission, for some purpose or other, took Sections 306a and 3718a of the Revised Statutes and divided them into paragraphs and made Section 13423, under "Title II Criminal Procedure, Chapter I Jurisdiction;" they then sandwiched in Chapter II under the title, "Justices of the Peace," and in that chapter appears Sections 13426 to 13431 inclusive of the General Code. They then create Chapter III under the title, "Justices, Police Judges and Mayors;" and the first section appearing in that chapter is 13432, the one under consideration. And not content with separating it by titles, chapters and numbers from Section 13432, they leave out the words "*any such,*" which were contained in the old section, and now instead of reading, in any such prosecutions, etc., it reads, "in prosecutions," etc. If a court in the construction of this statute had a right under the established rules of construction to go back and inquire into the intent of the Legislature in the passing of this act, or the intent of the codifying commission in its

codification, with the segregation of these sections, and the leaving out of those important words, could the court say that they intended differently than they themselves have said? But under the rule laid down by the Supreme Court in the 18th Ohio State, page 456, in the case of *Woodbury & Co.* v. *Berry,* has the court any right to look to the purpose or intent of the codifiers or of the Legislature? In the syllabus of that case the court lays down this rule:

"Where the words of a statute are plain, explicit and unequivocal, a court is not warranted in departing from their obvious meaning, although from consideration arising outside of the language of the statute, it may be convinced that the Legislature intended to enact something different from what it did in fact enact."

In the opinion on page 462, the court says, after reviewing certain circumstances showing the act to be really absurd:

"These considerations and a comparison of the provisions of these sections of the statute, as they stand with those of the statute which was superseded and repealed by the Code of Civil Procedure, not only suggests the conjecture but convince us of the fact, that the words *other than the county,* or some equivalent phrase, must have been by accident or oversight of the draftsman of the bill to establish a code of civil procedure, or of the clerk who engrossed it omitted before the words, 'from which the execution issued' in Section 455. But notwithstanding all this, *ita lex scripta est.* The language as it stands is clear, explicit and unequivocal. It leaves no room for interpretation, for nothing in the language employed is doubtful. We are satisfied, by consideration outside of the language, that the Legislature intended to enact something very different from what it did enact, but it did not carry out its intention and we can not take the will for the deed. It is our legitimate function to interpret legislation, but not to supply its omission.

"When the law is clear and explicit and its provisions are susceptible of but one interpretation, its consequences if evil can only be avoided by a change of the law itself, to be effected by legislation and not by judicial action. Where a law is plain and unambiguous, whether it be expressed in general or limited terms, the Legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction." Sedgwick on Statutory and Constitutional Law, 231.

"Courts 'must not even in order to give effect to what they may *suppose* to be the intention of the Legislature, put upon the provisions of a statute a construction *not supported by the words,* even although the consequences should be to defeat the object of the act.' "

That case was affirmed and followed in the 73d Ohio State, page 120, and endorsed by the Supreme Court of the United States in the 113th U. S. Report, page 310, and it is the rule the courts of Ohio are bound to follow.

Applying that rule to the case at bar, this court is compelled to and does find that Section 13432 of the General Code is of general application; that it applies to the case at bar; that the justice of the peace had final jurisdiction; that this court has no jurisdiction, and the motion will be sustained and the defendant discharged.

I fully appreciate the importance of this holding and the expense that may attend certain prosecution and the almost absurd consequences that may follow in some cases, but I believe it to be the only interpretation that can possibly be placed upon that section by any court of this state in the light of the foregoing authorities.